*Copy*

FILED
SUPERIOR COURT
OF GUAM

2013 MAY -1 PM 12: 03

CLERK OF COURT
BY:

**IN THE SUPERIOR COURT OF GUAM**

THE PEOPLE OF GUAM,                    )
                                       )     **CRIMINAL CASE NO. CM0500-11**
        vs.                            )
                                       )     **DECISION AND ORDER**
ALEXIS JOEL CALDERON HERNANDEZ,  )
                                       )
        Defendant.                     )
                                       )

## INTRODUCTION

This matter came before the Honorable James L. Canto II on the Defendant's motion to dismiss, filed January 23, 2013. Oral arguments were heard on February 11, 2013. Assistant Attorney General James C. Collins, Esq. appeared on behalf of the Government and Assistant Public Defender Ali N. Nusbaum, Esq. represented the Defendant. Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order.

## BACKGROUND

On April 20, 2011, the Government filed a complaint to charge Defendant with driving under the influence of alcohol on or about April 16, 2011. On June 6, 2011, the Court entered a summons for Defendant to appear on June 29, 2011, or seventy (70) days after the complaint was filed.[1] Defendant failed to appear and on July 1, 2011, the Court entered a bench warrant to procure Defendant's presence. On April 18, 2012, the bench warrant was served upon Defendant and the Court appointed counsel and released her that same day. Defendant was arraigned on April 25, 2012.

On January 23, 2013, Defendant filed the present motion to dismiss because she maintains she was not promptly arraigned within sixty (60) days of the complaint pursuant to *People v. Rasauo*, 2011 Guam 14. Defendant argues that the delay is not excused by good

---

[1] The record contains no affidavit that the summons was served or not served upon Defendant.



cause and that the complaint should be dismissed with prejudice. The Government argues that the complaint can only be dismissed with prejudice when the Defendant suffers from actual prejudice, bad faith or misconduct.

## DISCUSSION

Under Guam law, "unless good cause is shown, a complaint shall be dismissed where a defendant is not promptly arraigned within 60 days of the filing of the complaint." *Rasauo*, 2011 Guam 14 ¶ 16. This rule applies "the statutory speedy trial time period delineated in 8 GCA § 80.60(a)(3)," to the prompt arraignment requirement found in 8 GCA § 60.10(a). *Id.* Good cause to delay a prompt arraignment is determined by the specific circumstances of each case. *Id.* at ¶ 14.

### 1. Good Cause to Delay Prompt Arraignment

Under Guam law, cases that evaluate delay and good cause in the statutory speedy trial context are instructional for the purposes of prompt arraignment under 8 GCA § 60.10. *People v. Julian*, 2012 Guam 26 ¶ 35. A speedy trial may be delayed by the following good causes: 1) conduct of the defendant; 2) delay that benefits the defendant; 3) unforeseen circumstances; and 4) prompt disposition of pretrial motions. *See e.g. People v. Flores*, 2009 Guam 22 ¶ 40; *Carver v. Superior Court*, 1998 Guam 23 ¶ 11; *Quinata v. Superior Court*, 2010 Guam 8 ¶ 36.

In this case, Defendant was arraigned on April 25, 2012, which is more than 60 days after the complaint was filed on April 20, 2011. An initial delay was caused by the Court scheduling Defendant's first appearance to occur seventy (70) days after the complaint was filed. Judicial delay in prompt arraignment is attributed to the Government. *Julian*, 2012 Guam 26 at ¶ 22. Pursuant to *Rasauo*, 2011 Guam 14 ¶ 12, courts, judicial officers and prosecuting attorneys all share the duty and the constitutional guarantee to promptly dispose criminal charges. *Id.* (*citing Strunk v. U.S.*, 412 U.S. 434, 439, n. 2 (1973) and 8 GCA § 80.50(a)). For this reason, the untimely arraignment is not excused by 70 days of judicial delay and the complaint shall be dismissed pursuant to *Rasauo*, 2011 Guam 14.[2]

---

[2] Subsequent delays were caused by an inability to serve Defendant with the summons and a bench warrant, but this additional delay is immaterial to the Court's analysis as the 70 day delay is not excusable for good cause.

ORIGINAL

## 2. Dismissal With or Without Prejudice

Guam law does not specify whether dismissal with prejudice or dismissal without prejudice is the appropriate remedy for a violation of 8 GCA § 60.10(a) and *Rasauo*, 2011 Guam 14. The prompt arraignment requirement is an expression of the speedy trial right. *Stephen*, 2009 Guam 8 ¶ 32. Absent clear guidance to dismiss an untimely arraignment with or without prejudice, the Court shall consider the established speedy trial analyses in order to more consistently weigh the circumstances of an untimely arraignment. *See Id.* at ¶ 21 (an established rule or forewarning may be required to dismiss with prejudice).

Under Guam law, the Court must consider the following relevant factors to determine whether a delay violates the Sixth Amendment right to a speedy trial: 1) the length of the delay; 2) the reason for the delay; and 3) the presence or absence of prejudice resulting from the delay. *People v. Flores*, 2009 Guam 22 ¶¶ 41-42 (*citing Barker v. Wingo*, 407 U.S. 514, 521 (1972)). When federal time limits for commencing trial are violated, the following factors determine whether to dismiss the prosecution with or without prejudice: 1) the seriousness of the offense; 2) the facts and circumstances that led to dismissal; 3) the impact of reprosecution on the administration of federal time limits and the administration of justice; and 4) the prejudice suffered by the defendant from the delay. *See U.S. v. Perez*, Crim. No. 09–00025, 2011 WL 2294194, at *3 (D. Guam Jun. 8, 2011) (*citing* 18 U.S.C. § 3162(a)(2); *U.S. v. Taylor*, 487 U.S. 326, 336-337, 108 S.Ct. 2413, 101 L.Ed.2d 297 (1998); and *U.S. v. Lewis*, 518 F.3d 1171, 1176 (9th Cir. 2010)).

In this case, Defendant was arraigned on April 25, 2012 and more than one year after the complaint was filed on April 20, 2011. The length of this delay may give rise to a presumption of prejudice. *Flores*, 2009 Guam 22 ¶ 49. The delay was caused, in part, by judicial calendaring and the responsibility for this delay weighs against the Government. *Id.* at ¶¶ 45-46. Another possible cause for the delay may have been an inability to locate and serve Defendant, but the entire record is devoid of the information necessary to determine whether this delay was deliberate, negligent or justified, and the responsibility for the delay does not weigh in favor of either party. *Id.* Most importantly, the complaint caused no oppressive

pretrial incarceration, anxiety or concern before Defendant appeared on April 18, 2012, and there is no allegation of actual prejudice in this matter. *Id.* at ¶¶ 49-56. These circumstances weigh against a constitutional violation and against the Defendant's request for dismissal with prejudice.

Furthermore, a dismissal without prejudice is warranted in light of the relatively less serious misdemeanor offense, the aforementioned slight impact of the delay, the absence of clear Government neglect, and the aforementioned absence of prejudice suffered by Defendant. *See Perez*, 2011 WL 2294194, at *3-8. For these reasons, the complaint shall be dismissed without prejudice.

///

///

///

## CONCLUSION

Based upon the foregoing, the Defendant's motion to dismiss is hereby GRANTED and the complaint is dismissed without prejudice for the failure to promptly arraign the Defendant pursuant to 8 GCA § 60.10(a) and *People v. Rasauo*, 2011 Guam 14.


**SO ORDERED this** _1ST_ **day of May, 2013.**



_____
**HON. JAMES L. CANTO II**
**Judge, Superior Court of Guam**

ORIGINAL

Page 4 of 4